UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL HENRY,

              Plaintiff,              MEMORANDUM AND ORDER
                                                  06-CV-6867(JS)(ETB)

   - against -

NASSAU UNIVERSITY MEDICAL CENTER,
NASSAU COUNTY CORRECTIONAL
FACILITY, and COUNTY OF NASSAU,

              Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:            Paul Henry, pro se
                            07A1752
                            Five Points Correctional Facility
                            State Route 96, P.O. Box 119
                            Romulus, NY 14541

For Defendants:
Nassau University         Alexander V. Sansone, Esq.
Medical Center            Troy & Troy
                            382 Rosevale Avenue
                            Lake Ronkonkoma, NY 11779

Nassau County             Sara A. Wells, Esq.
Correctional Facility     Office of the Nassau County Attorney
and Nassau County         One West Street
                            Mineola, NY 11501

SEYBERT, District Judge:

        On December 27, 2006, pro se Plaintiff Paul Henry ("Plaintiff") commenced this action against Defendants Nassau University Medical Center ("Medical Center"), Nassau County Correctional Facility ("NCCF") and the County of Nassau ("County" and, together with NCCF, the "County Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Presently pending is the County Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for (1) failure to exhaust administrative remedies and (2) failure to state a claim upon which relief can be granted. Plaintiff, although given a second opportunity and considerable time, has not opposed the County Defendants' motion. For the reasons discussed herein, the County Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The relevant facts set forth in this Order are taken from the Complaint and are presumed to be true for the purposes of deciding the pending motion to dismiss.

Plaintiff alleges that his constitutional rights were violated when Defendants failed to properly treat an infection that Plaintiff contracted. Specifically, Plaintiff contends that on or about November 25, 2005, while in 72-hour lock-up, Plaintiff contracted a fungal infection on his foreskin from either the bedding or the bed in his cell. Plaintiff alleges that on two occasions, the first time on or about December 5, 2005, a doctor misdiagnosed him and gave him the wrong medication. Plaintiff contends that it was not until December 25, 2005, when Plaintiff was sent to the Medical Center, that Plaintiff's condition was correctly diagnosed and he was placed on the proper medication. Plaintiff alleges that, as a result of NCCF's and the health care provider's "deliberate indifference," Plaintiff had to endure three months of "excruciating pain and suffering" culminating in

Plaintiff undergoing a circumcision in January 2006 to remedy the infection. (Compl. 5.) Plaintiff seeks damages of $10 million.

DISCUSSION

I. Standard Of Review Under Rule 12(b)(6)

In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955 (2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. To be clear, Bell Atlantic does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

Notably, only weeks after deciding Bell Atlantic, the Supreme Court issued a decision discussing pleading standards involving a pro se plaintiff. Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Erickson cited Bell Atlantic for the proposition that, under general pleading rules, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Bell Atlantic, 127 S. Ct. at 1964 (in turn quoting Conley, 355 U.S. at 47)).

The Second Circuit has interpreted Bell Atlantic and Erickson to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this standard, the district court must still accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Moreover, where a plaintiff is proceeding pro se, the Court is required to read the complaint liberally. See Erikson, 127 S. Ct. at 2200 ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers"); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

II. Exhaustion Requirement Under The PLRA

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. Section 1997e, which applies to "all prisoners seeking redress for prison circumstances or occurrences," requires that available administrative remedies be exhausted before a prisoner can bring an action under Section 1983 or other federal law. Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); see also 42 U.S.C. § 1997e(a); Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). It is well-settled that this exhaustion requirement is mandatory and not within the discretion of the Court. Woodford v. Ngo, -- U.S. --, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2007); Porter, 534 U.S. at 520; Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Furthermore, "[c]laims asserting 'deliberate indifference' concerning medical care are allegations that fall within the exhaustion requirement of the PLRA." Davis v. Reilly, 324 F. Supp. 2d 361, 365 (E.D.N.Y. 2004).

Plaintiff acknowledges on the face of his Complaint that, although there is a prisoner grievance procedure available at NCCF, Plaintiff failed to avail himself of such procedure. (Compl. at II.) Generally, a prisoner's failure to exhaust his administrative remedies requires dismissal of the action without prejudice.

5

See Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1998); Davis, 324 F. Supp. 2d at 366. There are situations, however, where dismissal with prejudice is the appropriate disposition. For example, some courts have found that if exhaustion would be futile because the prisoner has been transferred to another correctional facility, dismissal with prejudice is proper. See Davis, 324 F. Supp. 2d at 366; see also Berry v. Kerik, 366 F.3d 85, 87-88 (2d Cir. 2003.

As in Davis, Plaintiff had administrative remedies available to him but failed to take advantage of them, and Plaintiff is no longer incarcerated at NCCF. It would seem, therefore, administrative remedies for the violations of which Plaintiff complains are no longer available to him. Based on the record before the Court, however, which does not address the reasons for Plaintiff's failure to pursue NCCF's grievance procedure or his ability to now seek administrative remedies, this Court is not in a position to conclusively find that any attempt to file an administrative proceeding is futile. Accordingly, Plaintiff's claims are barred by the PLRA's exhaustion requirement and must be DISMISSED without prejudice.

III. Section 1983

Additionally, the Court finds that Plaintiff has failed to state a claim under Section 1983. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Plaintiff alleges that, as a result of "deliberate indifference," he was misdiagnosed and mistreated on two occasions. (Compl. 4-5.) Plaintiff alleges that he has four medical ledgers including dates and doctors' names to support his allegations. (Compl. 6.) By Order dated January 19, 2007 ("2007 Order"), this Court granted Plaintiff's application to proceed in forma pauperis and conducted a sua sponte review of the Complaint pursuant to 28 U.S.C. § 1915(e). As set forth in the 2007 Order, the Court found Plaintiff's allegations, liberally construed, sufficient to avoid sua sponte dismissal. The Court, now faced with a motion to dismiss, must determine whether Plaintiff has met this Circuit's

plausible flexibility standard. Iqbal, 490 F.3d at 157-58.

It is well-settled that in order to state a claim under Section 1983 for improper medical treatment, allegations of negligence are insufficient; rather, a plaintiff must allege "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

> There is a two-pronged test in determining 'deliberate indifference' that includes both an objective and subjective component . . . . First, the physical injury must have been 'sufficiently serious,' meaning that it 'may produce death, degeneration, or extreme pain.' Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (internal quotations and citations omitted). Second, the defendant's failure to issue proper care must have 'resulted from a sufficiently culpable state of mind.'

Davis, 324 F. Supp. 2d at 367-68 (quoting Wright v. Schelker, No. 01-CV-2646, 2003 U.S. Dist. LEXIS 23134, at *12 (S.D.N.Y. Oct. 27, 2003).

> The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

Plaintiff contends that, because of the "deliberate indifference" of the health care provider and NCCF, he endured

8

three months of excruciating pain and suffering, including a circumcision in January 2006, as a result of a fungal infection in his foreskin that he contracted on or about November 25, 2005 while in 72-hour lock-up at NCCF. (Compl. 4-5.) Plaintiff details how he was misdiagnosed and prescribed the wrong medication by the health care provider doctor on two separate occasions, the first time on December 5, 2005 and again sometime prior to December 25, 2005. (Id.) On December 25, 2005, he was sent to the Medical Center, at which time Plaintiff's condition was correctly diagnosed, and he was prescribed different medication. (Id. at 5.) Finally, in January 2006, a doctor at the Medical Center performed a circumcision on Plaintiff, and his infection was eradicated. (Compl. ¶ IV.A.)

Accepting all Plaintiff's allegations as true and construing the Complaint liberally, the Court finds that Plaintiff has failed to sufficiently plead deliberate indifference with respect to his medical care while an inmate at NCCF. To be sure, Plaintiff has sufficiently alleged the first prong of deliberate indifference - sufficiently serious physical injury - claiming he endured excruciating pain from the infection as well as being prescribed incorrect medication that could have been fatal. Plaintiff, however, has completely failed to allege that Defendants acted with a sufficiently culpable state of mind. Nowhere in the Complaint does Plaintiff allege that Defendants had knowledge that

Plaintiff faced a substantial risk of serious harm or that they disregarded such risk. See Hayes, 84 F.3d at 620.

Moreover, with respect to the Medical Unit, the Complaint is devoid of any allegations of wrongdoing whatsoever. In fact, according to Plaintiff's allegations, it was the doctors at the Medical Unit who finally correctly diagnosed Plaintiff's condition on December 25, 2005 and properly treated it. Accordingly, Plaintiff has failed to allege a Section 1983 claims against the Medical Unit. See Annis, 136 F.3d at 245.

The Court, however, declines to dismiss Plaintiff's Complaint with prejudice based on his failure to state a claim. See Sales v. Barizone, No. 03-CV-6691, 2004 U.S. Dist. LEXIS 24366, at *22 (S.D.N.Y. Dec. 2, 2004) (citing Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("At the very least, district courts should afford pro se plaintiffs permission to amend their complaints at least once where a liberal reading of the complaint suggests the existence of a colorable claim."). In the event Plaintiff overcomes the PLRA's exhaustion requirement, he may, once again, try to sufficiently plead his Section 1983 claims in a manner consistent with the standards and law discussed in the this Order.

## CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED without prejudice, and the Clerk of the Court is directed to mark this matter CLOSED. In the event Plaintiff is able to exhaust his administrative remedies and files a new Complaint, he is advised to cure the pleading defects discussed in this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 6, 2008
Central Islip, New York